RECEIVED
IN LAKE CHARLES, LA.
JUL 29 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SANDRA MARIE DARBONNE** | : | **DOCKET NO. 2:07 CV 2144** |
| **VS.** | : | **JUDGE MINALDI** |
| **HOBBY LOBBY STORES, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a motion in limine, filed by the defendant Hobby Lobby Stores, Inc. [doc. 20]. The plaintiff, Sandra Marie Darbonne, filed an opposition [doc. 24]. Hobby filed a reply [doc. 25]. The matter is set for a jury trial on October 5, 2009.

## ANALYSIS

Ms. Darbonne brings suit against Hobby Lobby for injuries allegedly sustained on August 21, 2004 at the Lake Charles store on Highway 14. She alleges that while in the fabric aisle, she tripped on a bolt of fabric on the floor and fell, which caused serious injuries.[1] Hobby Lobby seeks to exclude Dr. Gary Nelson from testifying as a premises safety engineer pursuant to Fed. R. Evid. 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to

---

[1] Def.'s Ex. A (Sandra Marie Darbonne Dep.), p. 62.

1

the facts of the case.

The first prong of *Daubert* "focuses on whether the expert testimony is based on a reliable methodology...." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993). Pursuant to the second prong of *Daubert*, testimony must "assist the trier of fact to understand or determine a fact at issue." *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

Hobby Lobby does not maintain that Dr. Nelson is unqualified or used an unreliable methodology. Hobby Lobby does, however, argue that Dr. Nelson should not testify at trial because his testimony will not assist the jury to understand the evidence or to determine a fact at issue. Dr. Nelson's expert report describes why Ms. Darbonne was not at fault for not preventing her injury by explaining issues like fovial sight and line of sight.[2] Hobby Lobby argues that the jury does not need an expert to advise on whether the fact that a bolt of cloth was sticking out of an A-frame on which the cloth was stored was an unreasonably dangerous condition. Hobby Lobby cites several cases in support of its argument that expert testimony is often excluded in personal injury cases when there is no expertise needed for the opinions at issue.

In *Williams v. Eckstein Marine Services, Inc.*, the court discussed the rise of expert reports in personal injury litigation:

> The testimony of an "expert" is tendered, who is an individual who happens to have some title, normally describing himself as a "consultant." A review of their "expert" reports normally reveals that the reports consist of their appreciation of the facts (some of which are usually in dispute), their conclusion as to what the law is or ought to be, as far as fixing responsibility for the accident, and for sure, a reservation at the end of the report to change their opinion if they

---

[2] Pl.'s Ex. A (Dr. Nelson Expert Report), pp. 6-8.

learn more information.

Civ. Nos. 91-1841, 91-3026, 1992 WL 373616, *1 (E.D. La. 12/9/1992) (excluding the testimony of two liability experts because their testimony would not help the trier of fact). In *Amadeo v. Wal-Mart Stores, Inc.*, the plaintiff sought to recover for injuries allegedly sustained while she tripped over a cinder block and a fence while shopping at Wal-Mart. 02-2108, 2003 WL 22174276, *1 (E.D. La. 9/11/03). Judge Vance excluded the testimony of the safety experts, concluding that such testimony would "intrude upon the domain of common sense matters for which jurors require no expert assistance." *Id.* at *2 (stating that "[n]o expert is required to inform the jury that when a person looks up at a height well above their eye level, they lose sight of the floor"). Moreover, the Fifth Circuit has affirmed a district court's decision to exclude experts under Rule 702. *See, e.g., Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (finding an expert was not needed to assist the jury in deciding "whether it was reasonable for an employer to instruct his employee to manually move equipment on the deck of a boat during heavy seas").

Plaintiff cites, without discussion, two cases in support of her position that an expert is necessary, *Grissom v. Seal Fleet, Inc.*, 96-724, 1997 WL 644090 (E.D. La. 10/17/97) and *Sorcic v. Sea Horse Marine, Inc.*, 97-2092, 1998 WL 175897 (E.D. La. 4/13/98), but both are distinguishable. In *Grissom*, the defendant sought to exclude the marine safety expert's testimony on "whether there was too much slack in the mooring line; whether the Captain improperly maneuvered the boat; and whether it was an 'unacceptable condition' for the bitter end of the mooring line to hang in the water..." 1997 WL 644090, *1. The court rejected the defendant's argument that these issues are all within the common knowledge, experience, and understanding of the average lay juror, and denied the defendant's motion in limine to exclude expert testimony. *Id.*, *2. In *Sorcic*, the court denied

the defendant's motion to exclude the plaintiff's liability expert because the court concluded that issues such as the need for and use of an adequate tag line and positioning the vessel during a platform to vessel transfer are not within the average lay juror's realm of knowledge. 1998 WL 175897, *2. These cases are distinguishable because both involve complex issues of marine liability that would not be within the average lay juror's realm of knowledge, whereas the average lay juror undoubtedly has plenty of common experience with things like line of sight and peripheral vision while shopping.

Having reviewed Dr. Nelson's expert report, the briefs, and the cases cited therein, this Court concludes that Dr. Nelson's report fits squarely within the line of personal injury cases excluding expert testimony when the average lay juror could adeptly assess the situation using common experience and knowledge. This Court is particularly persuaded by *Amadeo*, where the court also concluded that an expert is unnecessary to testify on line of sight while shopping; accordingly,

IT IS ORDERED that the motion in limine, [doc. 20], is hereby GRANTED, and Dr. Nelson shall be precluded from testifying at trial on the opinions contained within his December 10, 2008 report. This does not foreclose Ms. Darbonne from possibly presenting testimony by Dr. Nelson as to the adequacy of the A-frames.[3]

Lake Charles, Louisiana, this 29 day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] When this motion was filed, Dr. Nelson had not yet inspected the A-frames, and therefore does not render an opinion as to whether the A-frames were satisfactory or not. Pl.'s Ex. A, p. 12.