RECEIVED
IN LAKE CHARLES, LA
MAY 19 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SANDRA MARIE DARBONNE** | : | **DOCKET NO. 2:07 CV 2144** |
| **VS.** | : | **JUDGE MINALDI** |
| **HOBBY LOBBY STORES, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by Hobby Lobby Stores, Inc. ("Hobby Lobby") [doc. 31]. The plaintiff, Sandra Marie Darbonne ("Darbonne"), filed an Opposition [doc. 33]. Hobby Lobby did not file a Reply.

### FACTS

On August 21, 2004, Darbonne went to the Hobby Lobby Store in Lake Charles, Louisiana[1]. While shopping, Darbonne tripped on a bolt of fabric lying on the floor and fell.[2] Hobby Lobby utilized "A" frame fabric storage devices, and Darbonne alleges that someone placed bolts of fabric underneath the "A" frame or leaning on the "A" frame, instead of correctly upon the frame.[3] Darbonne contends that the end of the fabric bolt extended into part of the aisle, causing her to trip.[4]

---

[1] Petition [doc. 1-1].

[2] *Id.*

[3] Pl.'s Opp. [doc. 33].

[4] *Id.*

Darbonne seeks damages for her sustained injuries, which include physical and mental pain.[5] Hobby Lobby insists that Darbonne was at fault in the accident.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

---

[5] Petition [doc. 1-1].

## ANALYSIS

Hobby Lobby argues that summary judgment is appropriate because Darbonne cannot prove the constructive notice element of her claim. Hobby Lobby notes that Darbonne must show that the alleged dangerous condition existed "for some time before the fall," but argues that Darbonne has no evidence to satisfy this temporal element. Hobby Lobby attaches Darbonne's deposition testimony and highlights her admission that she did not know how long the fabric bolts had been on the floor when she fell.[6] Hobby Lobby also submits the deposition testimony of two individuals who were shopping with Darbonne when the accident occurred. Tracey Welch ("Welch") stated that she did not know how long the fabric had been on the floor before Darbonne's fall.[7] Shirley Cooley ("Cooley") shopped at the Hobby Lobby store "almost every week" and testified that she found the fabric department to be "well organized."[8] She also stated that she did see anything out of place before the accident.[9] Finally, Hobby Lobby attaches the deposition of store manager Tammy Paul ("Paul"), who testified that the store had a policy that if a bolt of cloth is on the floor, employees were to pick up the bolt.[10]

Darbonne contends that her fall over several bolts of fabric improperly stored and scattered on the floor demonstrates Hobby Lobby's breach of its duty to keep the aisles, passageways, and

---

[6] Def.'s Ex. 1 (Darbonne Dep.) [doc. 31-3].

[7] Def.'s Ex. 2 (Welch Dep.) [doc. 31-3].

[8] Def.'s Ex. 3 (Cooley Dep.) [doc. 31-3].

[9] *Id.*

[10] Def.'s Ex. 4 (Paul Dep.) [doc. 31-3].

floors of its store in a reasonably safe condition.[11] Darbonne argues that Hobby Lobby failed to properly inspect the aisles to discover the dangerous condition, failed to properly and adequately train all employees to prevent such a hazardous condition, and failed to properly secure the bolts of fabric. Darbonne points to Welch's testimony that at the time of the accident, an employee of the fabric department had a clear view of the aisle where the fabric bolts were improperly stored.[12]

Darbonne attaches Paul's testimony that at the close of business each day, the manager on duty would inspect all the store aisles before any employee could leave the store.[13] Darbonne also submits the affidavit of investigator Laurie Herrera ("Herrera"), who visited the store on April 8, 2009.[14] Herrera walked into the store approximately two minutes after opening time, went directly to the fabric department, and noticed several bolts of fabric lying in the middle of aisle and improperly stored.[15] Darbonne argues that if a proper store inspection was performed every night, then bolts of fabric should not be hanging improperly from the "A" frames, and Darbonne insists that this dangerous condition suggests that Hobby Lobby employees did not follow store policy.

Louisiana's premises liability statute, La. Rev. Stat. Ann. § 9:2880.6, provides in part:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained

---

[11] La. Rev. Stat. Ann. § 9:2800.6(A) states "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."

[12] Pl.'s Ex. 1 (Welch Dep.) [doc. 33-2].

[13] Pl.'s Ex. 2 (Paul Dep.) [doc. 33-2].

[14] Pl.'s Ex. 3 (Herrera Aff.) [doc. 33-2].

[15] *Id.*

because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. "Constructive notice" means that the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Louisiana courts have consistently held that the plaintiff has the burden of proving any actual or constructive notice in premises liability cases. *See White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1082; *Kennedy v. Wal-Mart Stores, Inc.*, 1998-1939 (La. 4/13/99); 733 So. 2d 1188; *Washauer v. J.C. Penney Co., Inc.*, 2003-0642 (La. App. 1 Cir. 4/21/04); 879 So. 2d 195. In *White*, the Louisiana Supreme Court held that in addition to proving each element of the cause of action, a plaintiff seeking recovery under La. Rev. Stat. Ann. § 9:2800.6 must make an additional showing "of the existence of the condition prior to the fall." *White*, 699 So. 2d at 1084.

Similarly, the Louisiana Fifth Circuit Court of Appeal held that a plaintiff pursuing a premises liability claim against a merchant "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *Oster v. Winn Dixie Louisiana, Inc.*, 04-

117 (La. App. 5 Cir. 8/31/04); 881 So. 2d 1257, 1261. The court explained that a "defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id.* In *Oster*, a convenience store patron filed suit against the store for injuries sustained after slipping on a piece of plastic and striking his head on a steel display. *Id.* at 1258. The plaintiff testified that he did not have any personal knowledge as to how the plastic got on the floor or how long it was on the floor before his fall. *Id.* at 1259. The court upheld the trial court's grant of summary judgment, agreeing that the plaintiff failed to prove that the store had actual or constructive knowledge of the dangerous condition prior to the plaintiff's fall. *Id.* at 1262.

Likewise, Darbonne has not presented sufficient evidence to satisfy the constructive notice element of her claim. Hobby Lobby attaches the deposition testimony of Darbonne and Welch, who each testified that they did not know how long the fabric bolt had been on the floor, or improperly stored, before Darbonne's fall. Hobby Lobby has satisfied its summary judgment burden; therefore, the burden shifts to Darbonne to show specific facts presenting a genuine issue for trial. Darbonne points to Welch's testimony that the employee working in the fabric department "had a clear view of the aisle where the fabric bolts were improperly stored"[16] and submits Herrera's affidavits and photographs to establish that a dangerous condition existed in the Hobby Lobby fabric department. Although Welch testified that there was an employee in the fabric department, she did not actually say whether that employee had a clear view of the aisle on which Darbonne had her accident.[17] Moreover, Herrera's affidavit and photographs, taken almost five years after Darbonne's accident, are irrelevant and insufficient to prove that the store had constructive notice of the dangerous

---

[16] Pl.'s Opp. [doc. 33].

[17] Pl.'s Ex. 1 (Welch Dep.) [doc. 33-2].

condition prior to Darbonne's fall. Darbonne has not presented any evidence that she will be able to prove that Hobby Lobby was aware of the improper storage of fabric bolts for "some time" prior to her fall. Accordingly,

IT IS ORDERED that Hobby Lobby's Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that all claims against Hobby Lobby are hereby DISMISSED with prejudice at the plaintiff's cost.

Lake Charles, Louisiana, this ___ day of May 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE